UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE UNITED STATES, : <br> : <br> Plaintiff, : <br> : Court No. 24-00233 <br> v. : <br> : <br> COURTSIDE MARKET LLC, : <br> : <br> Defendant. : | |

ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, Courtside Market LLC ("Courtside"), defendant, responds to the allegations of plaintiff's, the United States, Complaint as follows:

1. This is an action to recover civil monetary penalties pursuant to 19 U.S.C. § 1592 relating to two customs entries of inkjet rolls.

   **Answer**: Admits

2. This Court has exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

   **Answer**: Admits

3. Plaintiff, the United States, through the United States Customs and Border Protection (CBP), is charged, in part, with fixing the final amount of duty to be paid on imported merchandise and determining any increased or additional duties, taxes, and fees due or any excess of duties, taxes, and fees deposited. 19 U.S.C. § 1500(c).

   **Answer**: Admits

4.     At all times relevant to the matters described in this complaint, defendant, Courtside Market LLC, upon information and belief, was incorporated in the State of New York, with a principal business address of 16884 Strasbourg Lane, Delray Beach, FL 33446, and an alternative business address of 1065 SW 15th Ave, Building C-1, Delray Beach, FL 33444.

**Answer**:  Admits

5.     Courtside Market LLC served as the importer of record for the two entries covered by this court action (hereinafter, referred to as the "subject entries"), which are identified in the loss of revenue calculation summary attached as Exhibit A at entries U4707092696 and U4708032717.

**Answer**:  Admits

6.     Courtside Market LLC filed the subject entries between December 12, 2017, and April 26, 2018, at the Newark, New Jersey port of entry.

**Answer**:  Admits

7.     The imported merchandise covered by the subject entries (hereinafter, referred to as the "imported merchandise") consisted of 100 percent woven polyester inkjet fabric rolls.

United States v. Courtside Market, Court No. 24-00233
Defendant's Answer to Plaintiff's Complaint
Page 3

**Answer**: Defendant submits that the description and quantities as shown on the commercial invoices and reported on the 7501 speak for themselves.

8.    The inkjet fabric rolls originated in the People's Republic of China (China or the PRC).

**Answer**:  Admits

9.    During the timeframe that the imported merchandise entered the United States, inkjet fabric rolls from the People's Republic of China were subject to an antidumping duty order. See Notice of Antidumping Order: Certain Artist Canvas from the PRC, 71 Fed. Reg. 31,154 June 1, 2006) (Antidumping Duty Order). See Exhibit B.

**Answer**:  Admits, but denied that Defendant was aware of that at the time.

10.    The inkjet fabric rolls described within the Antidumping are new 100 percent woven polyester fabric coated with acrylic.

**Answer**: Admits that the inkjet fabric rolls are new 100 percent woven polyester fabric coated with acrylic.  Denies that the inkjet fabric rolls are described in the scope of the Antidumping Order on "Artists Canvas."

11. The scope of the Antidumping Duty Order is reflected in the attached Exhibit B, which is incorporated by reference herein, and provides in relevant part as follows:

> The products covered by this order are artist canvases regardless of dimension and/or size, whether assembled or unassembled, that have been primed/coated, whether or not made from cotton, whether or not archival, whether bleached or unbleached, and whether or not containing an ink receptive top coat.
>
> Priming/coating includes the application of a solution, designed to promote the adherence of artist materials, such as paint or ink, to the fabric. Artist canvases (i.e., pre-stretched canvases, canvas panels, canvas pads, canvas rolls (including bulk rolls that have been primed), printable canvases, floor cloths, and placemats) are tightly woven prepared painting and/or printing surfaces. Artist canvas and stretcher strips (whether or not made of wood and whether or not assembled) included within a kit or set are covered by this proceeding.

71 Fed. Reg. 31,155 (June 1, 2006).

**Answer**: Admits the quoted portion of the allegation to the extent supported by the language of the Scope of Antidumping Duty Order published 71 Fed. Reg. 31,155 (June 1, 2006).; otherwise, denies.

12. The Antidumping Duty Order indicates what Harmonized Tariff Schedule was to be used:

> Artist canvases subject to this order are currently classifiable under subheadings 5901.90.20.00 and 5901-90.40.00 of the Harmonized Tariff Schedule of the United States ("HTSUS").

*Id.*

**Answer**: Admits the quoted portion of the allegation to the extent supported by the language of the Scope of Antidumping Duty Order published 71 Fed. Reg. 31,155 (June 1, 2006); otherwise, denies that the Antidumping Duty Order directs what Harmonized Tariff Schedule was to be used when importing such merchandise. The HTSUS subheadings are provided in the scope description for convenience and customs purposes, and the written description of the scope is dispositive.

13. Excluded from the Antidumping Order was products like,

> tracing cloths, "paint-by-number" or "paint-it-yourself" artist canvases with a copyrighted preprinted outline, pattern, or design, whether or not included in a painting set or kit.1. Also excluded are stretcher strips, whether or not made from wood, so long as they are not incorporated into artist canvases or sold as part of an artist canvas kit or set.

*Id.*

**Answer**: Admits that this is the language of the Order.

14. None of these exceptions applies to the subject merchandise

**Answer**: Admits that the identified exclusions do not include inkjet fabric rolls.

15. Between December 12, 2017, and April 26, 2018, Courtside Market LLC entered inkjet fabric rolls into the United States from China under the two subject entries. See Exhibit A.

**Answer**: Admits that entry U4707092696 was made on 12/12/2017 and that entry U4708032717 was made on April 26, 2018.

16.     In the entry documents covering these entries, Courtside Market LLC identified the entries incorrectly as inkjet fabric rolls, classified under HTSUS code 5903.90.1000 which applies to only goods made of cotton.

**Answer**: Admits that the goods in question were classified at the time of entry under HTSUS code 5903.90.1000, and that HTSUS code 5903.90.1000 provides for "Textile fabrics impregnated, coated, covered or laminated with plastics, other than those of heading 5902: Other: Of cotton." Defendant further admits that the imported inkjet fabric rolls were not made of cotton. Defendant submits that the articles are properly described as woven polyester inkjet fabric rolls.

17.     The correct classification was HTS 5903.90.2500 because the fabric was 100 percent woven polyester fabric coated with acrylic.

**Answer**: Admits that the goods in question should have been classified at the time of entry under HTSUS code HTS 5903.90.2500 as "Textile fabrics impregnated, coated, covered or laminated with plastics, other than those of heading 5902: Other: Of man-made fibers: Other: Other," but was not aware of that at the time of entry of the merchandise.

18.     Courtside Market LLC filed the entries as type 01 consumption, not type 03 antidumping and/or countervailing as required.

**Answer**: Admits that the entries prepared and filed by Defendant's broker identified the entries as type 01 consumption and not as type 03 antidumping and/or countervailing entries.

19. Courtside Market LLC failed to pay the required cash deposits corresponding to the antidumping duty order on inkjet fabric rolls from China.

**Answer**: Admits that Defendant did not post a cash deposit corresponding to the rate and amount set for in the antidumping duty order on Artist Canvas from China (A-570-899).

20. Courtside Market LLC failed to properly classify the subject merchandize pursuant to 19 U.S.C. § 1484(a)(2)(A).

**Answer**: Admits that the goods in question were not classified at the time of entry under HTSUS code HTS 5903.90.2500, as entered.

21. Consequently, on April 12, 2019, CBP issued a decision finding that Courtside Market LLC must pay $44,643.81 for the antidumping duties and remaining classification duties due on Entry U4708032717, $2,246.25 in interest, and that the subject merchandise should be reclassified as Type 03 from Type 01.

United States v. Courtside Market, Court No. 24-00233
Defendant's Answer to Plaintiff's Complaint
Page 8

**Answer**:  Admits that Entry U4708032717 was liquidated with AD and additional general duties owing of $44,643.81, plus interest.

22.   On August 14, 2019, Courtside Market LLC filed a timely protest against CBP's decision to change Entry U4708032717 from Type 01 to Type 03.

**Answer**:  Admits.

23.   On September 24, 2019, CBP denied the protest because Courtside Market LLC failed to demonstrate why the inkjet rolls were not subject to the antidumping case and because antidumping duty rates are not protestable per 19 U.S.C. § 1514.

**Answer**:  Admits that Defendant's protest was denied by CBP.  Denies that antidumping duty assessments by CBP are not protestable per 19 U.S.C. § 1514.  See *Xerox Corp. v. United States*, 289 F.3d 792 (CAFC, 2002) and *LDA Incorporado v. United States*, 38 C.I.T. 713 2014) if the decision to assess AD duties is made by CBP.

24.   During the timeframe when the imported merchandise entered the United States, the antidumping duty rate for inkjet polyester fabric rolls, as required by the Antidumping Duty Order, was 264.09 percent ad valorem.

**Answer**: Denies that the scope of the order names inkjet polyester fabric rolls as an article with its scope. Defendant admits that the cash deposit for exporters under the "PRC-wide" for the POR in question for A-570-899 was 264.09 percent ad valorem.

25. As a result of misclassifying the subject merchandise as Type 01, and thus not subject to an antidumping case, Courtside Market LLC did not pay antidumping duty cash deposits for the imported merchandise.

**Answer**: Defendant admits that it did not tender antidumping duty cash deposits for the imported merchandise. Defendant further admits that the goods in question should have been classified at the time of entry under HTSUS code HTS 5903.90.2500 as "Textile fabrics impregnated, coated, covered or laminated with plastics, other than those of heading 5902: Other: Of man-made fibers: Other: Other." Defendant denies that the imported names inkjet polyester fabric rolls are described by the scope of the order.

26. As a result of Courtside Market LLC's **omission for both entries**, the United States faced a potential loss of revenue in the amount of approximately $89,744.73,

**Answer**: Admits to the extent this allegation refers to Plaintiffs demand for duties in the amount of $44,643.81 for Entry U47-0803271-7. as CBP issued Notice of Penalty / Liq. Damages for $18,000.00 to surety Navigators

March 4, 2020.  Navigators paid $18,000.00 to CBP by check May 19, 2020. Denies the balance of the allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness with respect to Entry U47-0709269-6 as no allegations for loss of duties has been set forth in the complaint.

27.	CBP then issued a pre-penalty notice to Courtside Market LLC proposing a $424,235.57 penalty under 19 U.S.C. § 1592(a) at the culpability level of negligence for a total of ten entries—eight of which are not at issue in this complaint.

**Answer**:  Admits.

28.	CBP subsequently issued a final penalty notice to Court of $424,235.57 at a culpability level of negligence under 19 U.S.C. § 1592(a) for a total of ten entries—eight of which are not at issue in this complaint.

**Answer**:  Admits, denied that Defendant was negligent.

29.	On November 16, 2023, Courtside Market LLC submitted an offer in Compromise pursuant to 19 U.S.C. § 1617 for the amount of $1,000.00 and forty-seven additional $1,000 monthly payments.

**Answer**:  Admits.

30.	On August 26, 2024, CBP rejected Courtside Market LLC's offer in compromise.

**Answer**:  Admits.

31.     CBP has exhausted all administrative remedies.

**Answer**:  Admits.

## COUNT I

32.     The allegations contained in paragraphs 1 through 31 are realleged and incorporated herein by reference.

**Answer**:  No response is required.

33. Section 1592 of Title 19, United States Code, imposes civil penalties for material false statements or acts, or material omissions, made in connection with the introduction or entry of merchandise.

**Answer**: This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits.

34. Courtside Market LLC entered or introduced the imported merchandise into the commerce of the United States by means of a document or electronically transmitted data or information, written or oral statement, or act which was material and false, or by means of an omission that was material. See 19 C.E.R. Pt. 171, App. B (B).

**Answer**:  Defendant admits that its customs broker mistakenly declared the imported woven polyester inkjet fabric rolls under HTSUS code 5903.90.1000, which applies to certain goods made of cotton.

United States v. Courtside Market, Court No. 24-00233
Defendant's Answer to Plaintiff's Complaint
Page 12

35.  Courtside Market LLC made a material omission by failing to list the antidumping case applicable to Chinese inkjet fabric rolls on entry documents for two shipments.

**Answer**: Denied that its imported woven polyester inkjet fabric rolls "are artist canvases" described by the scope of the order, or that it failed to list the antidumping case applicable to Chinese made artist canvas. Defendant avers that the Scope of the Order does not identify polyester inkjet fabric rolls as within scope of the Order.

36.  The false statements, acts, or omissions described in paragraph 34 were material because they influenced Custom and Border Protection's determination of Courtside Market LLC's liability for duties, resulting in a total potential loss of revenue of $89,744.73.

**Answer:** Admits that the imported woven polyester inkjet fabric rolls were misclassified at the time of entry under HTSUS code 5903.90.1000, which applies to only to certain goods made of cotton but denies that the imported woven polyester inkjet fabric rolls are "artist canvases" of a kind described by the scope of the order. Defendant further denies that the mistake in classification resulted in a loss of revenue of $89,744.73.

United States v. Courtside Market, Court No. 24-00233
Defendant's Answer to Plaintiff's Complaint
Page 13

37. The material false statements, acts, or omissions described above constitute negligent violations of 19 U.S.C. § 1592(a).

**Answer**: This allegation sets forth legal conclusions to which no response is required. To the extent that it may be deemed allegations of fact, it is denied.

38. As a result of the negligent violations of 19 U.S.C. § 1592(a) described above, pursuant to 19 U.S.C. § 1592(c)(3), Courtside Market LLC is liable for a penalty for negligence in the amount of approximately $179,489.46 which represents two times the lawful duties, taxes, and fees of which the United States was deprived.

**Answer**: This allegation consists of legal argument and/or conclusions of law to which no response is required. For the balance of the allegation with respect to the penalty for negligence, Defendant denies and avers that 19 U.S.C. § 1592(c)(3), provides that the penalty for negligence **shall be an amount not to exceed the lesser of**:

> (i) the domestic value of the merchandise, or
>
> (ii) two times the lawful duties, taxes, and fees of which the United States is or may be deprived

Defendant avers that the **domestic value** of the imported merchandise is less than the amount asserted by defendant in paragraph 38, as a penalty.

United States v. Courtside Market, Court No. 24-00233
Defendant's Answer to Plaintiff's Complaint
Page 14

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action and the assessment of duty thereunder, and granting defendant such other and further relief as may be just and appropriate.

Dated:  February 14, 2025

                                        Respectfully submitted,

                                        <u>/s/George R. Tuttle, III</u>
                                        George R. Tuttle, III
                                        Law Offices of George R. Tuttle, A P.C.
                                        3950 Civic Center Drive, Suite 310
                                        San Rafael, CA 94903
                                        Main: (415) 986-8780
                                        Direct: (415) 288-0428
                                        geo@tuttlelaw.com
                                        Attorneys for Courtside Market LLCwood