## UNITED STATES COURT OF INTERNATIONAL TRADE

————————————————————————————
                                                    :
UNITED STATES,                                      :
                                                    :
                              Plaintiff,            :
                                                    :
                    v.                              :        BEFORE: Lisa W. Wang, Judge
                                                    :
COURTSIDE MARKET, LLC,                              :        Court No. 24-233
                                                    :
                              Defendant.            :
                                                    :
————————————————————————————

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SUPPORTING MEMORANDUM

George R. Tuttle, III
Law Offices of George R. Tuttle, A.P.C.
3950 Civic Center Drive, Ste 310
San Rafael, CA 94903
Direct: (415) 288-0428
Firm: (415) 986-8780
Email: geo@tuttlelaw.com

*Counsel for Defendant Courtside Market*

Date:  June 20, 2025

Table of Contents

Table of Authorities……..………………………………………………………………… ii

INTRODUCTION ...................................................................................................1

SUMMARY OF THE ARGUMENT ......................................................................6

I.    STANDARD OF REVIEW ..........................................................................7

II.   PLAINTIFF'S CLAIMS ARE TIME BARRED DUE TO THE
      EXPIRATION OF THE FIVE-YEAR STATUTE OF LIMITATIONS
      PERIOD PROVIDED UNDER 19 U.S.C. § 1621 ......................................8

CONCLUSION......................................................................................................15

Table of Authorities

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................... 7

*United States of America v. Inn Foods, Inc*. Slip Op. 03-05 U.S. CIT May 13, 2003 .................. 12

*United States v. Dantzler Lumber & Exp. Co.,* 16 C.I.T. 1050, 810 F. Supp. 1277 (1992) ......... 12

*United States v. Hitachi Am., Ltd.*, 172 F.3d 1319 (Fed. Cir. 1999) ............................................ 12

*United States v. Hitachi Am.*, *Ltd.*, 21 C.I.T. 373, 964 F. Supp. 344, 384 (1997) ....................... 12

*Westcott v. City of Omaha*, 901 F.2d. 1486 (8th Cir. 1990) .......................................................... 7

**Statutes**

19 U.S.C. § 1592 .......................................................................................................... 6, 8

19 U.S.C. § 1621 .......................................................................................................... passim

28 U.S.C. § 2632 .......................................................................................................... 3, 6

28 U.S.C. §1581 .......................................................................................................... 6

**Other Authorities**

2 Moore's Federal Practice, § 12.23 (Matthew Bender 3d Ed.) ..................................................... 7

2 Moore's Federal Practice, § 12.34 ................................................................................................ 8

*Notice of Antidumping Order: Certain Artist Canvas from the PRC,*
    71 Fed. Reg. 31,154 June 1, 2006 ........................................................................................ 1, 6

4914-1992-7633, v. 1

## UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————————
|                                    :
UNITED STATES,                       :
                                     :
            Plaintiff,               :
                                     :
        v.                           :    BEFORE: Lisa W. Wang, Judge
                                     :
COURTSIDE MARKET, LLC,               :    Court No. 24-233
                                     :
            Defendant.               :
———————————————————————:

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SUPPORTING MEMORANDUM

Pursuant to Pursuant to Rule 12(b)(6), of the United States Court of International Trade, and 19 U.S.C. § 1621, Defendant Courtside Market, by and through his attorneys, respectfully moves this Court to dismiss Plaintiff's action seeking to recover duties and civil monetary penalties pursuant to 19 U.S.C. §1592 relating to two customs entries of inkjet fabric rolls for failure to state a claim for which relief can be granted and failure to commence an action within the time permitted by law.  For the reasons set forth in this brief, Plaintiff's claims are time-barred under 19 U.S.C. § 1621.

### INTRODUCTION

This case is about the Government's effort to recover unpaid antidumping duties, as well civil penalties pursuant to 19 U.S.C. §1592 for negligent conduct in the entry of merchandise. The Government claims that the imported merchandise, 100% polyester inkjet fabric rolls, are subject to an antidumping duty order. See *Notice of Antidumping Order: Certain Artist Canvas from the PRC*, 71 Fed. Reg. 31,154 June 1, 2006 (Antidumping Duty Order).

1

Defendant, Courtside Market is a small family-owned business engaged in the production and sale of Wall Art. Courtside Market LLC was started by father and daughter Norm and Paula Grafstein in December 2010. They worked together in the business of selling finished art products to retailers on a wholesale basis. At the time of these events Norm was 77 years old, and Paula was a 53-year-old single mother and the sole provider for her two college age children. Norm has been caretaker of his wife / Paula's mother who has been in the advanced stages of Alzheimer's Disease. Courtside Market utilizes inkjet printers to produce artwork on polyester canvas material, which it then sells on internet platforms such as Wayfair.  Customers place orders with Courtside Market from a catalogue of licensed artwork images and the artwork is "printed on demand" onto the polyester inkjet fabric and shipped to the end customer. The volumes are small, averaging from 75 to 125 individual dropship orders per day. To do this, they purchased 100% polyester inkjet fabric rolls, and using a computer and large format printer produced (printed) the images.

Initially Courtside purchased 100% of its requirements for inkjet fabric rolls from U.S. sources, however, in 2015 due to prices charged by domestic distributors for inkjet fabric materials Courtside Market began to explore sourcing some portion of its inkjet fabric rolls from a source in China. From June of 2015 to April of 2018, Courtside purchased and imported 9 shipments of inkjet fabric rolls from a supplier in China, unaware that such products were subject to antidumping duties. Courtside was an inexperienced importer who sought the advice and expertise of a broker to assist them in importing their polyester inkjet fabric rolls. In September of 2015 Courtside Market retained the services of licensed customs broker B&H Customs Services to provide Courtside Market with entry services and guidance on the HTS classification of the inkjet fabric rolls in question. The broker held itself out as having such experience. ACE

2

records demonstrate that the broker was apprised on each of the nine entries through Import File Information reports that "Article may be subject to AD / CVD." Courtside, however, was never apprised of these flags for any of the entries over the three-year period during which the imports took place. Had Courtside Market been so apprised the importations would have ceased immediately.

In the entry documents the merchandise was incorrectly classified as cotton inkjet fabric rolls, classified under HTSUS code 5903.90.1000, despite the fact that the invoice description called out that the merchandise was 100% polyester inkjet fabric rolls. This classification error resulting a lower duty deposit.  In addition, the entries were filed as type 01 consumption, not type 03 antidumping and no antidumping duties were deposited.

Eventually, Courtside received a pre-penalty notice and a Notice of Penalty related to nine separate entries made during the time period of October 15, 2015 to April 26, 2018. Courtside was unable to pay the demand for duties and the  penalty amount demanded. Courtside submitted an Offer-in-Compromise, which was rejected by CBP. During this period, CBP solicited, and Courtside submitted two separate two-year wavers of the statute of limitations discussed below.

The Government has alleged that the false statements and omissions that are the subject of this action occurred on December 12, 2017, for Entry U47-0709269-6 and April 26, 2018, for entry U47-0803271-7.

The Government commenced this action on December 12, 2024, by the filing of a summons and complaint with this court pursuant to 28 U.S.C. § 2632.

4914-1992-7633, v. 1

But for Courtside's voluntary waivers of the Statute of limitations contained in 19 U.S.C. § 1621, by Defendant on April 23, 2020, and February 22, 2022, the time-period to bring this action would have expired on December 12, 2022, for Entry U47-0709269-6, and April 26, 2023, for entry U47-0803271-7.

The pertinent language from the April 23, 2020, waiver provides (Defendant's Exhibit 1):

> Courtside Market LLC hereby waives the period of limitations contained in 19 U.S.C. 1621 and any other applicable statute(s) of limitations with respect to nine (9) U.S. Customs & Border Protection (CBP) entries of inkjet fabric rolls, Entry No(s). … U4707092696; and U4708032717 dated between 10/14/2015-4/26/2018, and entered at the Port of Newark for a period of two (2) years. The two (2) year period for this initial waiver commences with the date of execution. Courtside Market LLC agrees that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the two (2) year period for which the statute of limitations is hereby waived in Port of Newark Case No. 2020460130059801.

The initial April 23, 2020, waiver commenced "with the date of execution" (April 23, 2020) for entries U47-0709269-6 and U47-0803271-7 and expired on April 23, 2022.  By letter dated April 24, 2020, CBP confirmed receipt and acceptance of Courtside's initial Statute of Limitations Waiver.  Defendant's exhibit 2. The letter provided in relevant part:

> Please be advised that we acknowledge receipt and acceptance of the waiver. The acceptance of the present waiver extends statute of limitations with regard to the above-cited disclosure for the period through April 23, 2022.  Enclosed is a copy of the executed waiver.

Subsequently, on February 22, 2022, and prior to the expiration of its initial (first) waiver, the Government requested, and Courtside responded with a second voluntary 2-year waiver of the Statute of limitations contained in 19 U.S.C. § 1621. The pertinent language of February 22, 2022, waiver provides in relevant part (Defendant's Exhibit 3):

> "Courtside Market LLC hereby waives the period of limitations contained in 19 U.S.C. 1621 and any other applicable statute(s) of limitations with respect to nine (9) U.S. Customs & Border Protection (CBP) entries of inkjet fabric rolls, Entry No(s): … U4707092696; and U4708032717 dated between 10/14/2015 and 04/26/2018 and entered at the port of Newark for a period of 2 (two) years.  The two-year period for this subsequent waiver commences with the date of the previous waiver's expiration.  Courtside Market LLC agrees that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the 2 (two) year period for which the statute of limitations is hereby waived in Port of Newark Case No. 2020460130059801.":

By letter dated March 3, 2022, CBP informed Courtside, in care of counsel, that it acknowledge receipt and acceptance of the 2nd SOL Waiver dated February 22, 2022. Defendant's Exhibit 4.  CBP's letter dated March 3, 2022, provides in relevant part:

> Please be advised that we acknowledge receipt and acceptance of the waiver. The acceptance of the present waiver extends statute of limitations with regard to the above-cited disclosure for the period through March 2, 2024. Enclosed is a copy of the executed waiver.

The pertinent language of February 22, 2022, waiver provides that it "commences with the date of the previous waiver's expiration."

Pursuant to the February 22, 2022, waiver (the second waiver) the Statue of Limitations expired for entries U47-0709269-6 and U47-0803271-7 expired on April 23, 2024, two years after the expiration of the first or initial waiver.

The Government's action against Courtside and entries U47-0709269-6 and U47-0803271-7 is time barred by 28 U.S.C. § 1621 because the 2nd extended statute of limitations waiver expired for entries U47-0709269-6 and U47-0803271-7 on April 23, 2024, approximately eight months prior to the date of the commencement of this action.

## Summary of the Argument

The Government seeks to recover unpaid antidumping duties, as well civil penalties pursuant to 19 U.S.C. § 1592 for negligence conduct in the entry of merchandise. The Government claims that the imported merchandise, inkjet fabric rolls, were misclassified resulting a loss of revenue, and are also subject to an antidumping duty order. See *Notice of Antidumping Order: Certain Artist Canvas from the PRC*, 71 Fed. Reg. 31,154 June 1, 2006 (Antidumping Duty Order), which Courtside did not deposit or pay the increased duties or the antidumping duties alleged by the Government to be owed.

The Government now brings this action pursuant to 28 U.S.C. §1582 to recover duties and a civil penalty under 19 U.S.C. § 1592.  The Government commenced this action on December 12, 2024, by the filing of a summons and complaint with this court pursuant to 28 U.S.C. § 2632 and has alleged that the false statements and omissions that are the subject of this action occurred on December 12, 2017, for Entry U47-0709269-6 and April 26, 2018, for entry U47-0803271-7.  The level of culpability asserted is simple negligence.  Section 1621 of Title 19, U.S. Code (19 U.S.C. § 1621) however, provides that "no suit or action (including a suit or action for restoration of lawful duties under subsection (d) of such sections) may be instituted unless commenced within 5 years after the date of the alleged violation …" 19 U.S.C. § 1621.

Defendant asserts as an affirmative defense under 19 U.S.C. § 1621 that the statute of limitations expired eight months prior to the Government filing its action in this court.

But for Courtside's voluntary waivers of the Statute of limitations contained in 19 U.S.C. § 1621, by Defendant on April 23, 2020, and February 22, 2022, the time-period to bring this action would have expired on December 12, 2022, for Entry U47-0709269-6, and April 26, 2023, for entry U47-0803271-7.

6

The initial April 23, 2020, waiver commenced "with the date of execution" (April 23, 2020) for entries U47-0709269-6 and U47-0803271-7 and expired on April 23, 2022. See Defendant's Exhibits 1and 2. Subsequently, on February 22, 2022, and prior to the expiration of its initial (first) waiver, the Government requested, and Courtside responded with a second voluntary 2-year waiver of the § 1621 Statute of limitations. The pertinent language of February 22, 2022, waiver provides that it "commences with the date of the previous waiver's expiration" and therefore expired on April 23, 2024, two years after the expiration of the first or initial waiver. Thus, the Government's action against Courtside and entries U47-0709269-6 and U47-0803271-7 is time barred by 28 U.S.C. § 1621 because the 2nd extended statute of limitations waiver expired for entries U47-0709269-6 and U47-0803271-7 on April 23, 2024, approximately eight months prior to the date of the commencement of this action.

## **ARGUMENT**

### I.    **Standard Of Review**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief. Id. at 555.

A motion to dismiss for failure to state a claim is a fundamental defense that cannot be waived. See 2 Moore's Federal Practice, § 12.23 (Matthew Bender 3d Ed.). Consequently, the motion may be filed at any time prior to the conclusion of a trial. Id. (citing *Westcott v. City of Omaha*, 901 F.2d. 1486, 1488 (8th Cir. 1990)). When considering a motion to dismiss for failure to state a claim, the Court may consider the facts alleged in the pleadings and those documents

attached thereto or incorporated by reference. The Court may also consider matters of judicial

notice. See generally 2 Moore's Federal Practice, § 12.34 [2].

## II.    PLAINTIFF'S CLAIMS ARE TIME BARRED DUE TO THE EXPIRATION OF THE FIVE-YEAR STATUTE OF LIMITATIONS PERIOD PROVIDED UNDER 19 U.S.C. § 1621

Plaintiff brought the subject action on behalf of U.S. Customs and Border Protection

(CBP) seeking to recover civil monetary penalties relating to two customs entries of inkjet rolls

made by Courtside Market.  The first entry, entry no. U47-0709269-6 was entered on December

12, 2017.  The second entry, entry no. U47-0803271-7 was entered on April 26, 2018. Plaintiff

filed its summons in the subject action on December 12, 2024.

CBP had originally made claims against Courtside Market seeking unpaid duties and

penalties for nine shipments of inkjet fabric rolls from China entered between October 14, 2015,

and April 26, 2018. On April 6, 2020, CBP's Fines Penalties & Forfeitures office in Newark, NJ,

issued a prepenalty notice to Courtside Market pursuant to 19 U.S.C. § 1592 at a degree of

culpability of negligence, proposing a monetary penalty related to the shipments and claims for

unpaid duties claiming the shipments of inkjet rolls had been misclassified under the HTS and

that Courtside Market had failed enter to the inkjet fabric as a type "03" entry subject to

antidumping duties.

In order that Courtside Market might obtain the benefits of the orderly continuation and

conclusion of CBP's claims, Courtside Market, by its President Paula Grafstein, executed the

first of two Statute of Limitations waivers (Initial SOL Waiver) on April 23, 2020.  The Initial

SOL Waiver was accompanied by an appropriate corporate resolution evidencing the authority of

Ms. Grafstein to execute the Initial SOL Waiver. The language of the Initial SOL Waiver

provided in relevant part:

8

> "Courtside Market LLC hereby waives the period of limitations contained in 19 U.S.C. 1621 and any other applicable statute(s) of limitations with respect to nine (9) U.S. Customs & Border Protection (CBP) entries of inkjet fabric rolls, Entry No(s). U4706261292; U4706293279; U4706323209; U4706518329; U4706547807; U4707025639; U4707050199; U4707092696; and U4708032717 dated between 10/14/2015-4/26/2018, and entered at the Port of Newark for a period of two (2) years. The two (2) year period for this initial waiver commences with the date of execution. Courtside Market LLC agrees that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the two (2) year period for which the statute of limitations is hereby waived in Port of Newark Case No. 2020460130059801."

*See* Defendant's Exhibit 1 [Initial SOL Waiver and Corporate Resolution].

On April 24, 2020, CBP provided a letter to Courtside Market in care of counsel responding to the submission of Courtside Market's Statute of Limitations Waiver.  The letter provided in relevant part:

> "Please be advised that we acknowledge receipt and acceptance of the waiver. The acceptance of the present waiver extends statute of limitations with regard to the above-cited disclosure for the period through April 23, 2022.  Enclosed is a copy of the executed waiver."

*See* Defendant's Exhibit 2 [Initial SOL Waiver Acknowledgement Letter].

On February 22, 2022, once again so that Courtside Market might obtain the benefits of the orderly continuation and conclusion of CBP's claims, Courtside Market, by its President Paula Grafstein, executed a Subsequent Statute of Limitations Waiver (Subsequent SOL Waiver).   The language of the subsequent SOL Waiver provided in relevant part:

> "Courtside Market LLC hereby waives the period of limitations contained in 19 U.S.C. 1621 and any other applicable statute(s) of limitations with respect to nine (9) U.S. Customs & Border Protection (CBP) entries of inkjet fabric rolls, Entry No(s): U4706261292; U4706293279; 4706323209;U4706518329; U4706547807; U4707025639; U4707050199; U4707092696; and U4708032717 dated between 10/14/2015 and 04/26/2018 and entered at the port of Newark for a period of 2 (two) years.  The two-year period for this subsequent waiver commences with the date of the previous waiver's expiration.  Courtside Market LLC agrees that it will not assert any statutes of

9

limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the 2 (two) year period for which the statute of limitations is hereby waived in Port of Newark Case No. 2020460130059801."

*See* Defendant's Exhibit 3 [Subsequent SOL Waiver and Corporate Resolution]

By letter dated March 3, 2022, CBP provided a letter to Courtside Market in care of counsel acknowledging the submission of Courtside Market's Subsequent SOL Waiver. The letter provided in relevant part:

"Please be advised that we acknowledge receipt and acceptance of the waiver. The acceptance of the present waiver extends statute of limitations with regard to the above-cited disclosure for the period through March 2, 2024. Enclosed is a copy of the executed waiver."

*See* Defendant's Exhibit 4 [Acknowledgement and Acceptance Letter from CBP].

By the terms of both SOL waivers, Courtside Market "hereby waives the period of limitations contained in 19 U.S.C. §1621 and any other applicable statute(s) of limitations …" The applicable language of 19 U.S.C. § 1621 in relevant part provides:

"No suit or action to recover any duty under section 1592(d), 1593a(d) of this title, or any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, whichever was later; except that—

(1) in the case of an alleged violation of section 1592 or 1593a of this title, no suit or action (including a suit or action for restoration of lawful duties under subsection (d) of such sections) may be instituted unless commenced within 5 years after the date of the alleged violation or, if such violation arises out of fraud, within 5 years after the date of discovery of fraud . . ."

19 U.S.C. § 1621.

Therefore, as the action was commenced under Section 1592, based on a claim of negligence, an action must be commenced within 5 years of the date of alleged violations, unless

waived.  The respective entry dates of the subject entries; entry no. U47-0709269-6 was entered on December 12, 2017, and no. U47-0803271-7 was entered on April 26, 2018.  Therefore, but for Courtside Market executing the initial and subsequent SOL waivers, the Government's summons and complaint would have had to be commenced by December 12, 2022, for entry U47-0709269-6 and April 26, 2023, for entry U47-0803271-7.

In both SOL Waivers, Courtside Market agrees "that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the 2 (two) year period for which the statute of limitations is hereby waived."  The first two-year period expired by the terms of the Initial SOL Waiver and confirmed by CBP's April 24, 2020 letter on April 23, 2022 -"The acceptance of the present waiver extends statute of limitations with regard to the above-cited disclosure for the period through April 23, 2022".

The second two-year period, which commenced on the expiration of the first two-year period, would therefore expire on April 23, 2024.

Both SOL waivers provide "Courtside Market LLC agrees that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the 2 (two) year period for which the statute of limitations is hereby waived".  As the latest of the individual two-year periods provided for in the Subsequent SOL Waiver expired on April 23, 2024, Courtside Market is no longer encumbered by the terms of either waiver and now invokes a statute of limitations defense in the subject action as the action was commenced on December 12. 2024, after the April 23, 2024, date.

"[T]he running of the § 1621 limitations period not only deprives the government of its remedy but also extinguishes its right to sue for civil penalties under § 1592." *United States v. Hitachi Am., Ltd.*, 21 C.I.T. 373, 420, 964 F. Supp. 344, 384 (1997).[1]

The CIT consistently abides by the statutory limiting mandate of §1621. In *TIE Communications, Inc. v. U.S*, the Court determined that the defendant was entitled to summary judgment on all claims that were not included in the pre-penalty notice and exceeded the five year SOL at the time Customs made the demand. *TIE Communications, Inc. v. U.S.,* 18 C.I.T. 358, 360, 368 (1994). Similarly, in *United States v. Dantzler Lumber & Exp. Co*, the defendant argued that 22 entries named in the complaint alleging fraud, gross negligence, and negligence occurred more than five years prior to the date the action was commenced. *United States v. Dantzler Lumber & Exp. Co.,* 16 C.I.T. 1050, 810 F. Supp. 1277, 1279 (1992). The Court agreed if an action is not perfected within the time allotted by the SOL, then the defendant can raise the SOL as an affirmative defense to have the action dismissed.

Courtside Market supports its interpretation of the SOL Waivers based on *United States of America v. Inn Foods, Inc*. Slip Op. 03-05 U.S. CIT May 13, 2003. In *Inn Foods*, The United States filed a Complaint to collect Customs duties and fees from Inn Foods for produce imported from Mexico between January 22, 1987, and January 19, 1990[2]. "At the request of Customs, Inn Foods waived the five-year statute of limitations defense provided in 19 U.S.C. § 1621 for a two-year period commencing on December 15, 1993, thereby extending the time in which a timely

---

[1] If an action is not perfected within the time allotted by the SOL, then the defendant can raise the SOL as an affirmative defense to have the action dismissed. In *Hitachi*, the importer waived the SOL retroactively, and the trial court dismissed the government's claims as to those entries. The court of appeals reversed on this point holding that a retroactive waiver of the SOL extinguished any SOL claim that the defendant could raise. *United States v. Hitachi Am., Ltd*., 172 F.3d 1319 (Fed. Cir. 1999).

[2] *United States of America v. Inn Foods, Inc*. Slip Op. 03-05 U.S. CIT May 13, 2003, at 4.

action could be brought against Inn Foods."[3] "Inn Foods subsequently extended the waiver for

three successive two-year periods commencing on the 14th day of December in 1995, 1997 and

1999."[4]  "The United States contends that the December 14, 1999 waiver ("1999 waiver") was

effective through December 14, 2001"[5] The Court stated:

> "Although 19 U.S.C. § 1621 would normally render claims regarding
> entries made within this time period time-barred, in this particular case, Inn
> Foods waived the five-year statute of limitations defense for a two-year period
> commencing December 15, 1993, and subsequently extended the waiver for
> three successive two-year periods at the request of Customs commencing on
> December 14, 1995, December 14, 1997, and December 14, 1999,
> respectively.[6]"

The 1999 waiver signed by Inn Foods mirrors that signed by Courtside Market and

specifically states that:

> "Inn Foods, Inc. hereby waives the period of limitations contained in
> Title 19, United States Code, Section 1621, and any other applicable statute(s)
> of limitations with respect to Customs entries of frozen fruits and vegetables,
> filed with U.S. Customs during the period of May 1, 1986 through December
> 31, 1990, for a period from TWO YEARS, commencing on December 14,
> 1999. Inn Foods, Inc. agrees that it will not assert any statutes of limitations
> defense in any action brought by the United States Government concerning the
> entries designated above with respect to the TWO-YEAR PERIOD for which
> the statute of limitations is hereby waived.[7]"

---

[3] Id. at 6.

[4] Id.

[5] Id.

[6] Id at 7.

[7] Id.

The Court stated, "Inn Foods argues, and the Court agrees, that the plain language of the waiver would render it effective through the eleventh hour of December 13, 2001, and that a complaint filed the next day is time-barred."[8]

The Court further stated, "But for the four waiver agreements entered into by Inn Foods at the request of Customs to extend the period of time in which the United States could file a timely complaint, the applicable statute would have extinguished all of Customs' claims no later than January 20, 1995."[9]  January 20, 1995, is five years after the last Inn Foods entry in question.

The Court held: "Since this Court finds that the 1999 waiver explicitly states that Inn Foods extended its waiver of the period of limitations prescribed in 19 U.S.C. § 1621 for a period of two years, commencing on December 14, 1999, such language renders the United States' Complaint, filed on December 14, 2001, untimely."

Courtside Market notes that Inn Foods was reversed by the Court of Appeals for the Federal Circuit, but only on the issue as to the interpretation of the operation of the calendar in determining the date of expiration of the underlying SOL waivers – specifically whether the waiver expired December 13, 2001, vs. December 14, 2001, so as to decide whether the suit was filed timely. In the present case the summons filed against courtside market was filed December 12, 2024, eight months after the Subsequent SOL Waiver expired on April 23, 2024.

Defendant submits that given the explicate language of both waivers, the statute of limitations for both entries expired on April 23, 2024, and the Government is time barred from pursuing this action.

---

[8] Id.

[9] Id. at 10

14

**CONCLUSION**

As Plaintiff filed the subject action on December 12, 2024, and the last effective date of the Subsequent SOL Waiver was April 23, 2024, the Plaintiff's suit is time barred.   For the reasons stated above, we respectfully request that the Court dismiss this action with prejudice because plaintiff has failed to state a claim upon which any relief can be granted and has failed to commence an action within the time permitted by law under 19 U.S.C. § 1621.

Respectfully submitted,

*/s/ George R. Tuttle III*
George R. Tuttle, III
Law Offices of George R. Tuttle, A.P.C.
3950 Civic Center Drive, Ste 310
San Rafael, CA 94903
Direct: (415) 288-0428
Firm: (415) 986-8780
Email: geo@tuttlelaw.com

Dated: June 20, 2025                *Counsel for Defendant, Courtside Market, Inc.*

15

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for *Plaintiff's Response to Defendant's Partial Motion to Dismiss*, as computed by Law Office of George R. Tuttle word processing system Microsoft Word 365 ProPlus, is 4,401 words, less than the 7,000 word limit.

*/s/ George R. Tuttle III*
*George R. Tuttle III*
Counsel for Plaintiff

Dated: June 20, 2025

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 20th day of June 2025, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

                   /s/ *Pamela Collins*

                   Pamela Collins,
                   Administrative Assistant

**Defendant's Exhibit 1**



**Statute of Limitations Waiver Form**

Fines, Penalties & Forfeitures Officer
U.S. Customs & Border Protection
110 Raymond Boulevard
Newark, New Jersey   07102

Dear Fines, Penalties & Forfeitures Officer:

  Courtside Market LLC hereby waives the period of limitations contained in 19 U.S.C. 1621 and any other applicable statute(s) of limitations with respect to nine (9) U.S. Customs & Border Protection (CBP) entries of inkjet fabric rolls, Entry No(s). U4706261292; U4706293279; U4706323209; U4706518329; U4706547807; U4707025639; U4707050199; U4707092696; and U4708032717 dated between 10/14/2015 – 4/26/2018, and entered at the Port of Newark for a period of two (2) years.  The two (2) year period for this initial waiver commences with the date of execution.  Courtside Market LLC agrees that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the two (2) year period for which the statute of limitations is hereby waived in Port of Newark Case No. 2020460130059801.

  This waiver is made knowingly and voluntarily by Courtside Market LLC in order that Courtside Market LLC might obtain the benefits of the orderly continuation and conclusion of an administrative proceeding currently being conducted or contemplated by CBP, in which CBP is reviewing all of the formal CBP entries, including the entries designated above of inkjet fabric rojJSTjom 10/14/2015 to the present.

Date: _4/2J5/TJCTLO_

By: _Paula Taylor_, President
Courtside Market LLC
1113 York Avenue, 9E
New York, New York  10065

I hereby acknowledge receipt and acceptance of the above waiver.

Date: __04/23/2020__

_____ (for Charles F. Ciraco)
FP&F Officer

**Exhibit 1**

## CORPORATE RESOLUTION

I, Paula Grafstein, President of Courtside Market LLC, a New York Limited Liability Corporation, do hereby certify that I am duly elected, qualified, and acting President of Courtside Market LLC, and do hereby further certify that a resolution was duly adopted as of April 23, 2020, by the unanimous written consent of the Board of Directors of the Corporation, which authorized Paula Grafstein, President to execute on behalf of the Corporation, waivers of the statutes of limitations applicable to Customs transactions, and that said resolution has not been modified or rescinded and remains in full force and effect.

IN WITNESS WHEREOF, I have hereunto affixed my signature and the seal of the corporation this 23rdiday of April, 2020.

_Paula Grafstein_
Signature

Print Name and Title of Officer

_Courtside Market LLC_
Print Name of Corporation

**Exhibit 1**

**Defendant's Exhibit 2**

1100 Raymond Boulevard
Newark, NJ 07102



**U.S. Customs and
Border Protection**

ENF 4-04 N/NY: FP&F    GT
2020-4601-300598-01
Courtside Market LLC Pre-Penalty

Courtside Market LLC.
C/O Paul Fudacz
Braumiller Law Group, PLLC          **APR 2 4 2020**
International Trade Law
2211 River Road, First Floor
Maumee, OH 43537

Dear Sir:

This letter is in response to the statute of limitations waiver you submitted to U.S. Customs and
Border Protection on behalf of your client, Courtside Market, LLC. This document waives the
period of limitations contained in 19 USC 1621, and any other applicable statute of limitations,
with respect to the above cited pre-penalty notice dated April 03, 2020.

Please be advised that we acknowledge receipt and acceptance of the waiver. The acceptance of
the present waiver extends statute of limitations with regard to the above-cited disclosure for the
period through April 23, 2022. Enclosed is a copy of the executed waiver.

In addition, your request for an extension has been granted through Wednesday, May 27, 2020.

If you have any questions regarding this matter or you require additional information, please
contact Mrs. Gianna Trento of my staff at (973) 368-6014.

Sincerely,

Charles F. Ciraco
Acting FP&F Officer
Fines, Penalties & Forfeitures
Newark/New York Area

Encl.: Copy of executed waiver

**Exhibit 2**

**Defendant's Exhibit 3**



**Statute of Limitations Waiver Form**

RECtliVP)

*mi* FEB 25  PH12 31

4SM·FP&F HY/KEWfeM

Pines, Penalties & Forfsitures Officer
U.S. Customs & Border Protection
110 Raymond Boulevard
Newark, New Jersey, 07102

Dear Fines, Penalties & Forfeitures Officer:

Courtside Market LLC hereby waives the period of limitations contained in 19 U.S.C. 1621 and any other applicable statute(s) of limitations with respect to nine (9) U.S. Customs & Border Protection (CBP) entries of inkjet fabric rolls, Entry No(s): U4706261292; U4706293279; U4706323209; U4706518329; U4706547807; U4707025639; U4707050199; U4707092696; and U4708032717 dated between 10/14/2015 and 04/26/2018 and entered at the port of Newark for a period of 2 (two) years.  The two-year period for this subsequent waiver commences with the date of the previous waiver's expiration.  Courtside Market LLC agrees that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the 2 (two) year period for which the statute of limitations is hereby waived in Port of Newark Case No. 2020460130059801.

This waiver is made knowingly and voluntarily by Courtside Market LLC in order that Courtside Market LLC might obtain the benefits of the orderly continuation and conclusion of an administrative proceeding currently being conducted or contemplated by CBP, in which CBP is reviewing all of the formal CBP entries, including the entries designated above of inkjet fabric roll, from 10/14/2015 to the present.

Date: 0/22/2022

By: *Paula Goefstein*, Pres.

Courtside Market LLC

Address:

*880 Pacific ZhdtSLSf*

*cSPilVLΛvM, CT Ohio3*

I hereby acknowledge receipt and acceptance of the above waiver.

Date: _____

_____
FP&F Officer

**Exhibit 3**

## **CORPORATE RESOLUTION**

I, Paula Grafstein, President of Courtside Market LLC, a New York Limited Liability Company, do hereby certify that I am duly elected, qualified, and acting President of Courtside Market LLC (the "Corporation"), and do hereby further certify that a resolution was duly adopted as of February 22, 2022, by the unanimous written consent of the Board of Directors of the Corporation, which authorized Paula Grafstein, President to execute on behalf of the Corporation, waivers of the statutes of limitations applicable to Customs transactions, and that said resolution has not been modified or rescinded and remains in full force and effect.

IN WITNESS WHEREOF, I have hereunto affixed my signature and the seal of the corporation this 22nd day of February, 2022.

_Paula Grafstein, Pres._
Signature

Paula Grafstein, President_____
Print Name and Title of Officer


Courtside Market LLC_____
Print Name of Corporation

**Exhibit 3**

**Defendant's Exhibit 4**



1100 Raymond Blvd
Newark, NJ 07102

Courtside Market, LLC
Case # 2020-4601-300598-01

Courtside Market LLC.
C/O Paul Fudaz
113 York Avenue, 9E
New York NY 10065

To whom it may concern:

This letter is in response to the statute of limitations waiver you submitted to U.S. Customs and Border Protection on behalf of your client, Courtside Market, LLC.  This document waives the period of limitations contained in 19 USC 1621, and any other applicable statute of limitations, with respect to the above cited case # 2020-4601-300598-01.

Please be advised that we acknowledge receipt and acceptance of the waiver.  The acceptance of the present waiver extends statute of limitations with regard to the above-cited disclosure for the period through March 2, 2024.  Enclosed is a copy of the executed waiver.

If you have any questions regarding this matter or you require additional information, please contact Ms. Gianna Trento of my staff at (973) 368-6014.

Sincerely,

Christopher LaTourette
FP&F Officer
New York Field Office

Encl.: Copy of executed waiver

**Exhibit 4**